**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**RUTH GETTES and
PERSONALIZED PSYCHIATRY, LLC,**

    **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 8:16-cv-829-T-23TBM**

**CARROLLWOOD VILLAGE
EXECUTIVE CENTER, LLC,**

    **Defendant.**
                                           /

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court for a report and recommendation on **Plaintiffs' Verified Motion to Tax Attorney's Fees and Costs** (Doc. 21). By their motion, Plaintiffs seek an award of fees totaling $28,300.00, and costs totaling $1,563.06, as the prevailing party in this action.[1] In opposition, Defendant challenges the reasonableness of the fees sought but not Plaintiffs' entitlement to them. (Doc. 24).[2] As explained below, it is **RECOMMENDED** that the Motion be **GRANTED in part**.

**I.**

By way of background, in April 2016, Plaintiffs, Ruth Gettes and Personalized Psychiatry, LLC, brought a two-count Complaint against Defendant alleging discrimination

---

[1] The Motion is supported by affidavits. *See* (Docs. 22-23).

[2] Defendant also files an affidavit in support of its position. *See* (Doc. 25).

under Title III of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12181, *et seq.,* and breach of a commercial lease agreement.[3] (Doc. 1). Shortly thereafter, Defendant filed a motion to dismiss, which was denied. (Docs. 7, 15). Nonetheless, Plaintiffs filed an Amended Complaint raising the same two claims on July 1, 2016. (Doc. 17). Defendant filed its Answer, Affirmative Defenses and Counterclaim. (Doc. 19). The parties partially resolved their disputes at mediation on July 14, 2016; the only issue remaining was the determination of reasonable fees and costs to be awarded to Plaintiffs' counsel. (Doc. 20).

By the instant motion, Plaintiffs' counsel itemize 69.70 hours of work for which they seek compensation at an hourly rate of $400.00 per hour. They also itemize 3.5 hours of paralegal work for which they request $120.00 per hour. Additionally, they itemize costs and expenses totaling $1,563.06. (Doc. 21 at 8).

In opposition, Defendant maintains that an award of reasonable fees in this case should not exceed $8,000. Defendant also objects to the award of $1,125 in mediation cost. (Doc. 24).

## II.

The starting point in determining reasonable attorney fees is the lodestar, which is calculated by multiplying the hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of Montgomery*, 836

---

[3] It appears that the litigation arose from Plaintiffs' efforts to vacate the office prior to the 2016 lease renewal. When Defendant notified Plaintiff Gettes that her request was untimely, Plaintiffs asserted that the leased premises were in violation of the ADA and Gettes demanded the violations be remedied. The alleged failure of Defendant to address the violations led to the filing of the suit. (Doc. 11).

F.2d 1292 (11th Cir. 1988). "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.2d at 1299). In determining the reasonableness of hours expended, it is appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment. The lodestar, as calculated under *Hensley*, presumptively includes consideration of the so-called *Johnson* factors. *See Norman*, 836 F.2d at 1299. In *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974), the court set out twelve factors to be considered in determining the reasonableness of fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19. The manner in which the *Johnson* factors influence an award of fees must be elucidated by the court. *See In re Celotex Corp.*, 227 F.3d 1336, 1341 (11th Cir. 2000); *NAACP v. City of Evergreen, Ala.*, 812 F.2d 1332, 1336 (11th Cir. 1987) (quoting *King v. McCord*, 621 F.2d 205, 206 (5th Cir. 1980)).

**III.**

Plaintiffs seek $28,300.00 in fees. More particularly, Plaintiffs seek compensation for attorney Daniel L. Saxe, at an hourly rate of $400.00 per hour for 36.1 hours of work; for attorney, Claire Saady, at an hourly rate of $400.00 per hour for 33.6 hours of work; and for the work of their paralegal, Danielle Rowell, at an hourly rate of $120.00 per hour for 3.5 hours of work. (Doc. 21 at 8). As noted above, the requests are supported by an affidavit from Mr. Saxe including time records and an affidavit from Matthew Farmer, Esquire.[4] (Docs. 22, 23).

In opposition, Defendant urges that the fees sought are excessive and unreasonable for a case which was resolved at an early stage of the litigation, without hearings, depositions, site visits, or any experts being retained. Defendant posits that the complaint alleged straight-forward ADA and breach of contract claims for failure to remove architectural barriers. Aside from amending the complaint, Defendant contends that all counsel had to do was respond to a motion to dismiss and attend mediation. It urges that Plaintiffs' fees be reduced

---

[4]Mr. Farmer opines that the hourly rate of $400.00 per hour is reasonable in this market for attorneys of Mr. Saxe and Ms. Saady's experience and abilities. Moreover, upon review of the billing records, the time expended on research, drafting and prosecution of the case was "reasonable, effective, and efficient." (Doc. 23 at 3).

to the reasonable amount of $8,000.00.[5] Additionally, Defendant objects to the award of $1,125.00 in mediation costs, which it urges are typically split between the parties. (Doc. 24).

**A.**

Regarding Plaintiffs' request for an hourly rate of $400.00, on the basis of the matters presented and consideration of the *Johnson* factors, I am obliged to conclude that the hourly rate requested is reasonable, albeit on the high end for work in Title III litigation in this market. Mr. Saxe and Ms. Saady have over 60 years' combined legal experience with a focus on employment related matters and litigation. While the case was not particularly novel and the work performed prior to settlement rather routine, it nonetheless required skilled and competent counsel with the resources to prosecute the claim to a successful conclusion. Defense expert, Mr. Cafaro, does not dispute this hourly rate. Accordingly, while I find the hours expended somewhat excessive, an hourly rate of $400.00 is awarded for Plaintiff's counsel in this case.

In my recent experience, paralegal work in this market is billed at an hourly rate between $75.00 and $125.00 per hour (and higher). Here, Plaintiffs' paralegal is billing at $120.00 per hour, which falls within this range. *See* (Doc. 22, Attach. 1). Also, Defendants

---

[5] Defendant submits an affidavit from Rocco Cafaro, Esq. (Doc. 25). Mr. Cafaro opines that this litigation did not warrant the combined efforts of two senior attorneys with the practice experience of Mr. Saxe and Ms. Saady. He attests that he "accepts" the $400.00 hourly rate "given the breadth of their collective skill and experience," but urges it is a premium rate for ADA Title III litigation and can only be justified "where the attorneys' skill and experience translates into efficiencies in the tasks attendant to the litigation." *Id.* at 2. That does not appear to be the case here. Mr. Cafaro opines further that the tasks completed by Mr. Saxe and Ms. Saady, given their experience, should have been completed in 20 hours and thus an award of $8,000.00 is appropriate. (Doc. 25).

do not object to the fee sought. Therefore, I conclude that Ms. Rowell is entitled to a fee at the hourly rate of $120.00.

On the matter of total hours expended, I find that some reduction is appropriate. As noted above, it is appropriate for the Court to exclude excessive, redundant, and unnecessary hours, as well as hours that would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment. First it appears the itemized billings include work performed by counsel on a small claims suit initiated by Defendant, which I find non-compensable on this motion.[6] <u>As a result, 2.1 hours claimed by Mr. Saxe and Ms. Saady for this work should not be compensated</u>.[7]

Next, the <u>1.25 hours claimed by Mr. Saxe on April 2, 2016, should not be compensated</u> as for the time claimed in connection with researching and drafting the complaint. As noted by Mr. Cafaro, the expertise of Plaintiffs' counsel suggests there was no need for both counsel to work on every matter, and, in any event, it should result in efficiencies of tasks and require little duplication of effort. It appears that the task of drafting the complaint was that of Ms. Saady, and she too billed for research into the most recent cases. The duplication of research efforts in this regard is not explained and is otherwise not justified from a reading of this straight-forward complaint, which as discussed next, contains

---

[6]*See Carrollwood Village Executive Center LLC v. Ruth Gettes and Personalized Psychiatry LLC,* Case No. 16-CC-008789, located at http://pubrec10.hillsclerk.com/Unsecured/CaseDetail.aspx?CaseID=8104470.

[7]According to billing records, Mr. Saxe billed 0.5 hours on 04/02/2016 and 0.1 hours on 05/26/2016, while Ms. Saady billed 0.5 hours on 04/04/2016 and 1.0 hours on 04/05/2016, resulting in 2.1 hours of work. (Doc. 22-1 at 2-4).

nearly identical legal averments routinely used by plaintiffs' counsel in Title III litigation of this type.

As for Ms. Saady's time spent on research and preparing the complaint (1.75 and 3.5 hours respectively), Defendant asserts that the complaint filed in this case is strikingly similar to a previous "cookie-cutter" ADA complaint filed in a case in which Ms. Saady was involved and that counsel of this level of experience should not take this long to duplicate allegations used in a prior complaint. After comparing the complaints, I agree that such are notably similar apart from the addition of the breach of contract claim in this suit. Thus, it appears that counsel merely added pertinent factual allegations and copied substantial portions of the ADA allegations from the prior complaint to compose Count I,[8] and added brief and straight-forward breach of contract allegations for Count II. In these circumstances, the claim of 5.25 hours to compose this complaint appears excessive. <u>These claimed hours should be reduced by 2.00 hours.</u>[9]

As for reviewing, researching and preparing their response to Defendant's Motion to Dismiss, Plaintiffs claim a total time of 26.25 hours. Defendant argues the hours expended are unreasonable for a skilled attorney with thirty years of experience and given the issues

---

[8]*See Duldulao v. Chug-A-Lug Pub, LLC, et al.*, Case No. 8:12-cv-412-T-23MAP (M.D. Fla. 2012), where Ms. Saady represented a party-defendant.

[9]Allegations in Title III cases have become fairly formulaic, and at least one court in this district has found good cause to reduce the hours claimed in composing the complaint. *See Stringham v. Eym Diner of Fla., LLC*, Case No. 6:13-cv-1204-22KRS, 2014 WL 4954686, at *3-4 (M.D. Fla. Oct. 2, 2014).

raised by the motion.[10]  Billing records show that 17.50 hours of this total was spent on analysis of the motion and research, and 8.75 hours was spent on drafting and editing the response.  (Doc. 22-1 at 3-4).  While I find Plaintiffs' response to the motion well-crafted, given Ms. Saady's experience and that she claims to devote nearly all of her time to discrimination-related matters, 26.25 hours for analysis, research, and drafting is excessive.[11]  None of the issues raised in the defense motion were novel and all were issues surely familiar to experienced Plaintiffs' counsel.  Moreover, one wonders why the paralegal, who also commands top dollar, could not have assisted in some of the routine research.  In my view, good billing judgment would dictate that not all this work would be billed to the client and I find it excessive as well.  Accordingly, <u>the 26.25 hours should be reduced by one-third or 8.75 hours</u>.

     Two other adjustments also are appropriate.  First, Plaintiffs' claim for 1.0 hours of work performed on April 30, 2016, purportedly related to unspecified anticipated legal issues (Doc. 22-1 at 3), is inadequately documented and appears to reflect purely busy work that would not be appropriate to bill the client.  Second, the 3.25 hours spent by Mr. Saxe for preparing for mediation on 7/13/16 duplicates the work performed the previous day.  (Doc. 22-1 at 5).  Again, given the level of experience and expertise claimed, this duplication of

---

[10]Here, Defendant's motion raised issues concerning the adequacy of the ADA and breach of contract pleadings under Fed. R. Civ. P. 12(b)(6).  Moreover, Defendant contended that Plaintiff lacked standing to seek injunctive relief under the ADA; the ADA claim was barred by the statute of limitations and the claim moot.  (Doc. 7).

[11]Defendant cites *Association for Disabled Americans, Inc. v. Integra Resort Management, Inc*., 385 F. Supp. 2d 1272, 1287 (M.D. Fla. 2005) ("Legal skill, therefor, correlates to a knowledge of both trial practice and substantive law.") (citing *Norman*, 836 F.2d at 1301.).

8

effort is unnecessary and inappropriate for billing in the exercise of good billing judgment. <u>These requests totaling 4.25 hours should be denied</u>.

In sum, after careful review of these proceedings and proffered matters, <u>I conclude that the total hours claimed by Plaintiffs' counsel should be reduced by 18.45 hours</u>.

**B.**

Turning now to costs, the only one the parties dispute is Plaintiffs' claim for reimbursement for their share of the mediation fee ($1,125.00). Defendant objects, arguing that the parties usually split the mediation fee and it is not normally awarded as a cost.

In an ADA case, however, the court may award "a reasonable attorney's fee, including litigation expenses, and costs . . ." 42 U.S.C. § 12205. Courts have interpreted this provision to allow mediation costs to be included in litigation expenses. *See Andjelic v. Marken Mktg., Inc.*, No. 6:05-cv-1877-Orl-22JGG, 2007 WL 2021960, at *2 (M.D. Fla. July 11, 2007); *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1355 (S.D. Fla. 2006) (stating although mediation fees are not reimbursable under 28 U.S.C. § 1920, they are compensable litigation expenses under the ADA). Accordingly, I conclude that the mediation cost of $1,125.00 is reimbursable under 42 U.S.C. § 12205 and should be awarded to Plaintiffs.

**C.**

In sum, I find that $400.00 per hour is a reasonable hourly rate for both Mr. Saxe and Ms. Saady. Their claim for 69.7 hours of legal work is excessive and should be reduced by at least 18.45 hours. Such results in an award of attorney's fees of $20,500.00. Additionally,

9

Plaintiffs should receive $420.00 for paralegal fees and other costs and expenses in the amount of $1,563.00.

**IV.**

Accordingly, it is **RECOMMENDED** that **Plaintiffs' Verified Motion to Tax Attorney's Fees and Costs** (Doc. 21) be **GRANTED** to the extent that Plaintiffs be awarded **$22,483.00 in fees, costs and expenses**.

    Respectfully submitted this
    28th day of October 2016.

    THOMAS B. McCOUN III
    UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies furnished to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record